**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LIQUIDIA TECHNOLOGIES, INC., <br><br> *Plaintiff*, <br><br> v. <br><br> UNITED STATES FOOD AND DRUG ADMINISTRATION, *et al.*, <br><br> *Defendants*, <br><br> and <br><br> UNITED THERAPEUTICS CORPORATION, <br><br> *Intervenor-Defendant.* | Case No. 1:24-cv-02428-TJK <br><br> Honorable Timothy J. Kelly <br><br> **ORAL ARGUMENT REQUESTED** |

**PLAINTIFF LIQUIDIA TECHNOLOGIES, INC.'S RENEWED MOTION FOR A PRELIMINARY INJUNCTION AND MOTION FOR SUMMARY JUDGMENT**

Pursuant to Federal Rules of Civil Procedure 56 and 65 and Local Civil Rules 7(h)(2) and 65.1, and the Joint Scheduling Order proposed by the parties on August 30, 2024 (ECF No. 15) and entered by the Court on August 30, 2024, Plaintiff Liquidia Technologies, Inc. ("Liquidia") respectfully moves this Court for a preliminary injunction and summary judgment to set aside an August 16, 2024 decision (the "Exclusivity Decision") by Defendants U.S. Food and Drug Administration ("FDA"), Robert M. Califf, M.D. (in his official capacity as Commissioner of Food and Drugs), U.S. Department of Health and Human Services ("HHS"), and Xavier Becerra (in his official capacity as Secretary of HHS) (collectively, "FDA" or "Defendants"), in which the agency erroneously concluded that Intervenor-Defendant United Therapeutics Corporation's ("UTC") treprostinil drug, Tyvaso DPI, is entitled to three years of market exclusivity, resulting in a tentative (rather than a full) approval for Liquidia's competing treprostinil drug, Yutrepia.

Liquidia makes this renewed motion for a preliminary injunction and summary judgment on the ground that Defendants' Exclusivity Decision to grant three-year new clinical investigation exclusivity ("NCI exclusivity") to Tyvaso DPI exceeded FDA's statutory authority under the Federal Food, Drug, and Cosmetic Act ("FDCA"), was arbitrary and capricious, and was contrary to law in violation of the Administrative Procedure Act ("APA").  The Exclusivity Decision unlawfully upended FDA's prior determination that Tyvaso DPI was ineligible for NCI exclusivity as a matter of law, and unlawfully extends UTC's nearly two-decade-long monopoly on treprostinil far beyond the statutory limits prescribed by Congress.

As explained in the accompanying memorandum of points and authorities in support of this motion, all factors strongly favor this Court's issuance of a preliminary injunction and summary judgment in Liquidia's favor.  The Administrative Record demonstrates that FDA flip-flopped here to Liquidia's detriment.  FDA first concluded that BREEZE, the clinical investigation to which FDA pinned Tyvaso DPI's NCI exclusivity, did not qualify as a new clinical investigation.  Then, without explanation, FDA reversed course over two years *after* it approved Tyvaso DPI and concluded that BREEZE qualified Tyvaso DPI for NCI exclusivity, and inexplicably interpreted the scope of that exclusivity to bar Yutrepia from the market, even though BREEZE did not study the patient populations for which Yutrepia is indicated.  FDA's actions here were an overreach under the FDCA, and they arbitrarily diverged from the agency's long-standing past precedent.

FDA's Exclusivity Decision exceeds FDA's statutory authority under the FDCA and violates the APA because it is arbitrary and capricious, and contrary to law, and therefore Liquidia seeks a ruling from this Court setting aside FDA's erroneous decision.  Moreover, injunctive relief would serve the public interest by ensuring that FDA adheres to the framework Congress created

for awarding NCI exclusivity. Such relief would also serve the public interest by ensuring that patients suffering from pulmonary arterial hypertension ("PAH") and pulmonary hypertension associated with interstitial lung disease ("PH-ILD") have prompt access to Yutrepia's potentially life-saving treatment. The Exclusivity Decision is causing immediate and irreparable harm to both Liquidia, by preventing Liquidia from distributing its first drug candidate, and to patients nationwide, who would greatly benefit from access to Yutrepia.

For the reasons set forth above, and in the accompanying memorandum of points and authorities in support of Liquidia's motion and the declaration of Michael Kaseta submitted herewith, this Court should enter judgment for Liquidia, vacate the Exclusivity Decision, and order FDA to grant full and immediate approval to Yutrepia.

Dated:  September 24, 2024                            Respectfully submitted,

By: */s/ Sonia W. Nath*
Sonia W. Nath (DC Bar No. 977095)
David E. Mills (DC Bar No. 401979)
Robby Saldaña (DC Bar No. 1034981)
Matt K. Nguyen (DC Bar No. 1736777)
COOLEY LLP
1299 Pennsylvania Ave., NW, Suite 700
Washington, DC  20004-2400
Telephone: (202) 842-7800
Facsimile: (202) 842-7899
snath@cooley.com
dmills@cooley.com
rsaldana@cooley.com
mnguyen@cooley.com

Kathleen R. Hartnett (DC Bar No. 483250)
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA  94111-4004
Telephone: (415) 693-2000
Facsimile: (415) 693-2222
khartnett@cooley.com

*Counsel for Plaintiff Liquidia Technologies, Inc.*