**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LIQUIDIA TECHNOLOGIES, INC., | |
| *Plaintiff*, | |
| v. | |
| UNITED STATES FOOD AND DRUG ADMINISTRATION, ROBERT M. CALIFF, M.D., in his official capacity as COMMISSIONER OF FOOD AND DRUGS, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, and XAVIER BECERRA, in his official capacity as SECRETARY OF HEALTH AND HUMAN SERVICES, | Case No. 1:24-cv-2428-TJK<br><br>**<u>HEARING REQUESTED</u>** |
| *Defendants*, and | |
| UNITED THERAPEUTICS CORP., | |
| *Intervenor-Defendant and Cross-Claimant.* | |

---

**MOTION BY UNITED THERAPEUTICS CORP. FOR A TEMPORARY RESTRAINING
ORDER AND/OR PRELIMINARY INJUNCTION**

---

Pursuant to Fed. R. Civ. P. 65, Cross-Claimant United Therapeutics Corporation (UTC) respectfully moves this Court for a preliminary injunction enjoining the U.S. Food and Drug Administration (FDA) from finally approving the section 505(b)(2) application of Liquidia Technologies, Inc. (Liquidia) for treprostinil (NDA No. 213005). UTC seeks an order enjoining such final approval until such time as the Court can adjudicate UTC's claim on the merits.

FDA's decision to accept Liquidia's amendment to seek approval of the indication for the treatment of pulmonary hypertension associated with interstitial lung disease (PH-ILD) is contrary to FDA's longstanding "Bundling Rule," is arbitrary and capricious, and should be set aside under the Administrative Procedure Act, as further explained in the accompanying memorandum in

1

support.

A preliminary injunction is warranted to prevent irreparable harm to UTC. As a direct result of FDA's violation of the Bundling Rule, the agency concluded that Liquidia's paragraph IV certification of patents listed by UTC in the compendium called "*Approved Drug Products with Therapeutic Equivalence Evaluations*," more commonly known as the "Orange Book," did not trigger an automatic 30-month stay on the final approval of Liquidia's application. If FDA had followed the Bundling Rule and required Liquidia to submit a new 505(b)(2) application for the PH-ILD indication, then the automatic-stay provision would apply, allowing UTC to assert its patents and prove infringement before final approval of Liquidia's application to market a treprostinil product to treat PH-ILD alters the market irrevocably. But because of FDA's decisions to accept Liquidia's amended 505(b)(2) application and to find the statutory automatic-stay provision inapplicable, FDA is set to grant final approval on that application after May 23, 2025, when the three-year exclusivity period for UTC's Tyvaso DPI product expires. Preliminary injunctive relief would serve the public interest by ensuring the framework Congress created for the pre-approval adjudication of patent disputes is followed.

This motion is supported by the attached memorandum, the declaration of Frederic Selck, Ph.D., and the accompanying declaration of Shaun R. Snader. A proposed order is attached.

UTC requests, pursuant to LCvR 65.1(d) and for the reasons more fully set out in its supporting memorandum, that the Court schedule a hearing on this application as soon as possible after the filing of this application to avoid severe irreparable harm. Because UTC's exclusivity period is set to run on May 23, 2025, UTC requests that the Court schedule oral argument with sufficient time for the Court to issue an order on or before May 23, 2025. If this Court is unable to do so, UTC requests that the Court grant a temporary restraining order until it rules on the

motion for preliminary injunction.

Because the requested preliminary injunction, which would be entered against FDA and the other federal defendants, presents no risk of monetary damage to those parties, no bond is necessary pursuant to Rule 65(c) of the Federal Rules of Civil Procedure. If the Court were to disagree with that submission, UTC will post a bond in an amount to be determined by the Court.

Pursuant to LCvR 7(m), counsel certifies that, on April 11, 2025, counsel for UTC conferred with counsel for Liquidia and the Federal Defendants regarding the relief sought in this motion. The Federal Defendants and Liquidia oppose this motion.

April 17, 2025                                          Respectfully submitted.


Shaun R. Snader (D.C. Bar No. 492231)
UNITED THERAPEUTICS CORPORATION
1735 Connecticut Ave. NW, 2nd Floor
Washington, DC 20009
(202) 304-1701

Douglas Carsten (admitted *pro hac vice*)
Art Dykhuis (admitted *pro hac vice*)
MCDERMOTT WILL & EMERY LLP
18565 Jamboree Road, Suite 250
Irvine, CA 92615
(949) 851-0633

Adam W. Burrowbridge (D.C. Bar No.
    1001783)
MCDERMOTT WILL & EMERY LLP
500 North Capitol Street, NW
Washington, DC 20001
(202) 756-8797

/s/ *Brian T. Burgess*
William C. Jackson (D.C. Bar. No. 475200)
William M. Jay (D.C. Bar No. 480185)
Brian T. Burgess (D.C. Bar No. 1020915)
GOODWIN PROCTER LLP
1900 N Street, NW
Washington, DC 20001
(202) 346-4000

Kurt R. Karst (D.C. Bar No. 482615)
Michael D. Shumsky (D.C. Bar No. 495078)
Sara Wexler Koblitz (D.C. Bar No. 1017284)
HYMAN, PHELPS & MCNAMARA, P.C.
700 13th Street, NW, Suite 1200
Washington, DC 20005
(202) 737-5600

*Counsel for United Therapeutics Corporation*

**CERTIFICATE OF SERVICE**

Pursuant to LCvR 5.3, I hereby certify that, on April 17, 2025, I electronically filed the foregoing motion and all attachments with the Clerk of the Court of the U.S. District Court for the District of Columbia by using the Court's CM/ECF system.  All participants in the case are registered CM/ECF users and will be served via the CM/ECF system.


April 17, 2025                              Respectfully submitted.

                                           /s/ *Brian T. Burgess*
                                           Brian T. Burgess